IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHA GOLDSTEIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FINLEY CATERING CO. INC., *et al.* | : | NO. 24-69 |

## MEMORANDUM OPINION

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    November 14, 2025

      Marsha Goldstein ("Plaintiff"), on May 29, 2022, attended a wedding at the Ballroom at Ellis Preserve.  Complaint at 1.  As she was walking down concrete steps, her heel caught on a crack in the steps, causing her to fall down the steps.  *Id.*  Plaintiff sustained serious injuries, including a fractured hip, which required surgical replacement.  *Id.*  Plaintiff initially sued only Finley Catering Co., Inc. ("Defendant Finley" or "Finley"), which she averred owned and operated the location of her injury.  *Id.* at 2.  In a negligence action, Plaintiff claimed that Defendant Finley failed to maintain the steps in a safe condition.  *Id.* at 2-3.

      Initially, Defendant Finley conceded that it owned and operated the location of Plaintiff's injury.  Answer at 1.  However, thirteen months later, Defendant Finley moved for permission to file a third party complaint against Campus Investors Conference Center L.P. ("Defendant Campus" or "Campus").  Def.'s Brief in Support of Mot. to Dismiss ("Def. Br.") at [2].  Defendant Finley now denies ever owning and operating the accident location and maintains that Campus owned and operated the location at the time of the injury.  *Id.*  Campus confirms its ownership and control.  *Id.* at 3.

      Plaintiff, by motion, sought to file an amended complaint against Campus.  Def. Br. at [2]. The unopposed motion was granted and, on July 19, 2025, Plaintiff filed an amended complaint

against Campus. *Id.*

Campus has moved to dismiss Plaintiff's amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that it is time-barred. *Id.* at [4]-[6]. Plaintiff opposes Campus's motion noting that her claim may be timely under the discovery rule. This court must deny Campus's motion.[1]

## I. MOTION TO DISMISS STANDARD

The Third Circuit has clearly set forth Fed. R. Civ. P. 12(b)(6) evaluative criteria:

> For purposes of reviewing a motion to dismiss under Rule 12(b)(6), we are "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir. 2014) (quotation marks and citation omitted). However, we disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citation omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

*Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). The court must determine if Plaintiff's claims are facially plausible, *i.e.*, the plaintiff has pleaded sufficient facts to allow the court to draw the reasonable inference that the defendant is liable on the basis alleged. *Mammana v. Federal Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (citations omitted).

## II. DISCUSSION

It is normally inappropriate to move to dismiss a complaint on statute of limitations grounds, because time-bar is an affirmative defense, and a plaintiff has no duty to anticipate affirmative defenses. *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014) (citation omitted).

---

[1] Campus's motion does not address the discovery rule. *See* Def. Br. at [4]-[6].

However, if it is apparent from the face of the complaint that the claim is untimely, then a motion to dismiss is appropriate. *Id.* at 249 (citations omitted). If, as herein, a plaintiff relies upon the discovery rule to toll the applicable statute of limitations, a complaint may be dismissed only if the court can "'definitively say that the discovery rule does not apply.'" *Id.* at 251 (quoting *USPPS. Ltd. v. Avery Dennison Corp.*, 676 F.3d 1341, 1345 (Fed. Cir. 2012), *vacated on other grounds*, 569 U.S. 915 (2013)).

The discovery rule is a judicially created rule that tolls the applicable statute of limitations until the injured party knows or reasonably should know that (1) she is injured and (2) the identity of the party causing the injury. *Schmidt*, 770 F.3d at 251 (citing *Crouse v. Cylcops Indus.*, 745 A.2d 606, 611 (Pa. 2000)).[2] Normally, application of the discovery rule is a jury question. *Id.* (citing *Crouse*, 745 A.2d at 611). It is only determined as a matter of law, when reasonable minds could not disagree about when the limitations period began. *Id.* (citing *Crouse*, 745 A.2d at 611).

Plaintiff concedes that she knew of her injury on May 22, 2022, but maintains that she did not know Campus owed her any duty of care, until Finley renounced its prior admission in the Answer – that it owned and operated the location of the injury – and disclosed, on July 3, 2025, that, instead, Campus owned and operated the location; by doing so, Finley revealed that Campus owed Plaintiff a duty of care. Pl.'s Opp. at 11. Based upon this undisputed sequence of events, Plaintiff properly invokes the discovery rule in this case. Furthermore, on its face, the amended complaint does not reveal any facts that would definitively refute application of the discovery rule to this case, because it is silent as to when Plaintiff learned that Campus owned and operated the location of the injury. Moreover, it is clear from the parties' filings that Plaintiff relied upon Finley's misrepresentation that it owned and operated the location of Plaintiff's injury. Plaintiff

---

[2] This is a diversity case, and the parties agree that Pennsylvania law controls. The parties also agree that the relevant statute of limitation is two years.

3

had no reason to believe that this representation was false, until Finley told her. Hence, Campus's motion to dismiss must fail.[3] *Schmidt*, 770 F.3d at 251.

An implementing order follows.

---

[3] Because Campus's motion is denied based upon application of the discovery rule, there is no need to address the other arguments Plaintiff advances.